UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DOYLE D. LANCASTER, | ) | |
| Plaintiff, | ) ) ) | Case No. 3:06-cv-0284-JCM-RAM |
| vs. | ) ) | **ORDER** |
| NEVADA DEPT. OF PRISONS, *et al.*, | ) ) | |
| Defendants. | ) | |

Before the court is plaintiff's Third Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#11). The court must now screen the amended complaint pursuant to 28 U.S.C. § 1915A.

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in

Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

2

1. **Demand for Relief**

Plaintiff was previously given the opportunity to amend his complaint to properly lay out his § 1983 claims coherently and completely. However, the plaintiff has a number of defects in his current complaint. Most notably, the plaintiff fails to make a demand for relief. On page 20 of his Third Amended Complaint, Plaintiff wrote in the "Request for Relief" section, "To be determined." (Docket #11-2.) Rule 8(a)(3) of the Federal Rules of Civil Procedure requires that a pleading (i.e., a complaint) stating a claim for relief must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." A vague demand such as "to be determined" is insufficient. Plaintiff must make his demand for relief in his complaint now, and not at some later date. This is particularly important because the Court cannot properly screen the complaint without knowing the nature of the demands for relief. Therefore, the Court will grant the plaintiff once again leave to amend his complaint to cure this defect. Failure to do so may result in his complaint being dismissed in its entirety. Because there are other defects in the complaint, the Court will now address those defects so that the plaintiff has the opportunity to cure them in his amended complaint.

2. **Defendants**

Plaintiff names multiple defendants, including John Does 1 through 12, who are generally identified as police officers, jail guards, sheriffs, and judges. Plaintiff must provide information as to the identity of these individuals so that service of process can be effected. Until such identifying information is provided, this matter cannot proceed against those defendants. Plaintiff's claims against Defendants John Does1 through 12 are therefore dismissed with leave to amend.

Plaintiff also sues the State of Nevada and the Nevada State Legislature. Under the Eleventh Amendment to the Constitution, States are generally immune from actions in Federal courts. Congress has the power to override that immunity through legislation authorized by section 5 of the Fourteenth Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Pursuant to that power, Congress enacted 42 U.S.C. § 1983, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . (emphasis added).

Section 1983 did not override the Eleventh Amendment immunity; the State of Nevada and any governmental entity that is considered an "arm of the State" for Eleventh Amendment purposes are not "persons" within section 1983's meaning of the term. *See Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836 (9th Cir. 1997) (quoting *Will*, 491 U.S. at 70). The Nevada State Legislature is one of the "arms of the State," it is not a "person" for the purposes of section 1983. Therefore, to the extent that the plaintiff is attempting to sue the State of Nevada and the Nevada State Legislature, they are immune from damages pursuant to the Eleventh Amendment and must be dismissed. As stated above, however, Plaintiff is granted leave to amend his complaint to identify the relief he seeks, which may in turn impact the viability of any claims against state entities.

Plaintiff also sues a number of individual defendants in both their individual and official capacities. Because the plaintiff has not identified the relief he is seeking from this action, the Court cannot determine whether the inclusion of these defendants is proper. Additionally, he has not asserted how he believes the private defendants acted under the color of state law. Accordingly, the Court will permit the plaintiff to amend his complaint to identify the relief he seeks and explain how he believes the named defendants acted under the color of state law.

### 3. Causes of Action

Plaintiff's Third Amended Complaint contains a total of eight counts. In Count I, the plaintiff claims all defendants engaged in a conspiracy under 42 U.S.C. § 1985 to interfere with his "right to equally effective communication." It appears that the "right to equally effective communication" to which the plaintiff refers is one of reasonable accommodation for his hearing loss and "incompetency" due to strokes. Plaintiff lists 29 defendants that "took part in the conspiracy to violate Plaintiff's right

4

to equally effective communication" but does not describe how he believes each of them has allegedly violated his rights.

"To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980), citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1998); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1991). Plaintiff fails to articulate the nature of the conspiracy, the acts of the conspiracy, and specific facts supporting his allegations that the defendants conspired together. Plaintiff also has not demonstrated that he is part of a protected class. Thus, Count I is dismissed with leave to amend.

In Count II, the plaintiff alleges "irrational disability discrimination." Plaintiff previously alleged this claim and has failed to cure the defects previously noted in the Court's prior order (docket # 9). Plaintiff alleges that various defendants failed to make reasonable accommodations for his hearing loss and "incompetencies" in violation of the Americans with Disabilities Act ("ADA") "as well as the due-process of law as set forth in the 5th, 6th, 8th, and 14th Amendments of the United States Constitution." Plaintiff makes many generalized and vague allegations that the defendants failed to provide him with reasonable accommodations, but he does not set forth specific facts to support his claims.

"To state a claim of disability discrimination under Title II [of the ADA], the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's service,

programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), citing *Weinrich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). Plaintiff has not alleged facts supporting the second, third, and fourth elements of an ADA claim. Further, Plaintiff cannot state a claim for discrimination against the private defendants under the ADA because the ADA does not apply to private actors. Thus, Count II is dismissed with leave to amend.

In Counts III, IV, V, VI and VII, the plaintiff alleges deliberate indifference to his medical needs. In each count, he states that he was denied certain treatments and lists the names of several defendants but does not explain how each of these defendants pertains to his allegation and how he believes each of them have allegedly violated his rights. In Count VIII, the plaintiff alleges that he was subjected to cruel and unusual punishment by being subjected to tobacco smoke. Once again, he lists the names of two defendants but does not explain how they pertain to his allegation and how he believes each of them have allegedly violated his rights. Therefore, Counts III, IV, V, VI, VII, and VIII are dismissed with leave to amend. Failure to amend these claims may result in Plaintiff's complaint being dismissed in its entirety.

**C.    Conclusion**

IT IS THEREFORE ORDERED that the Clerk of the Court shall file the Third Amended Complaint and dismiss the complaint without prejudice.

IT IS FURTHER ORDERED that the Clerk shall not issue summons to Defendant herein at this time.

IT IS FURTHER ORDERED that Plaintiff shall have **thirty (30) days** from the date this Order is entered in which to submit an amended civil rights complaint. The Clerk shall send Plaintiff two copies of the form Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. Plaintiff shall write the words "Fourth Amended" above "Civil Rights Complaint" on page 1 of the caption and shall place the docket number, 3:06-cv-0284-JCM-RAM, above the words "Fourth Amended." The amended complaint must

1  be a complete document in and of itself, and will supersede the original complaint in its entirety.
2  Plaintiff's failure to submit an amended complaint in the time and manner provided by this Order will
3  result in the dismissal of all or part of his civil rights complaint for the reasons stated in this Order.
4      DATED: June 16, 2008.

_____
UNITED STATES MAGISTRATE JUDGE