UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DOYLE D. LANCASTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NEVADA DEPARTMENT OF ) <br> CORRECTIONS, *et al.*, ) <br> ) <br> Defendants. ) <br> / | 3:06-cv-00284-JCM-RAM <br><br> **ORDER** |

Presently before the court is plaintiff Doyle Lancaster's motion for recusal of magistrate judge. (Doc. #72). To date, no response has been filed.

Plaintiff has also filed a motion to stay this action pending resolution of the motion for recusal of the magistrate judge. (Doc. #89). The defendants have responded (doc. #94), and the plaintiff has replied, (doc. #98).

The presiding judge determines whether recusal is warranted. *United States v. Azhocar*, 581 F.2d 735, 867–68 (9th Cir. 1978). The statute governing recusal, 28 U.S.C. § 455, is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988).

However, section 455 recusal is not unlimited – the source of any alleged bias must be

extrajudicial. *Liteky v. United States*, 510 U.S. 540 (1994). Judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 541; *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008). Thus, judicial rulings will support a motion for recusal only "in the rarest of circumstances." *Liteky*, 510 U.S. at 555.

Here, plaintiff lacks a reasonable, factual basis for questioning Magistrate Judge McQuaid's impartiality. Plaintiff cites the December 4, 2006, screening order (doc. #9) and the November 16, 2010, minute order (doc. #59) denying his motion for appointment of counsel (doc. #56) as evidence of bias. However, these rulings, formed while Magistrate Judge McQuaid presided over the matter, will not support disqualification. *Liteky*, 510 U.S. at 555. Plaintiff cites no extra-judicial facts indicating a "deep-seated favoritism or antagonism." *Id.* at 541. Accordingly, recusal is not necessary in this case.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff's motion for recusal of Magistrate Judge McQuaid (doc. #72) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion to stay (doc. #89) is hereby DENIED as moot.

Dated this 16th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE