UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DOYLE D. LANCASTER, | ) | |
| | ) | |
| Plaintiff, | ) | 3:06-cv-00284-JCM-RAM |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| NEVADA DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the court is defendant City of Reno's motion to dismiss count I of complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #43). Plaintiff Doyle D. Lancaster filed an opposition. (Doc. #64). Defendant City of Reno filed a reply. (Doc. #66). Plaintiff subsequently filed a motion to strike defendant's reply and requested sanctions be imposed. (Doc. #70). Defendant filed an opposition to plaintiff's motion to strike. (Doc. #73). Plaintiff then filed a reply by way of motion to strike and motion for additional sanctions. (Doc. #82).

Also before the court is defendant Washoe County Sheriff Michael Haley's motion to dismiss count II of complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #52). Defendant Washoe County filed a joinder to the motion to dismiss (doc. #52) under count II but was subsequently dismissed as a defendant due to plaintiff's failure to file a proper certificate of service of process (doc.

#116). Plaintiff Doyle D. Lancaster filed an opposition. (Doc. #99). Defendant Michael Haley filed a reply. (Doc. # 102).

Also before this court is defendants James Benedetti's, Don Helling's, and Howard Skolnick's motion to dismiss count V of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #41). Plaintiff Doyle D. Lancaster filed an opposition. (Doc. #91). Defendants filed a reply in support of their motion to dismiss. (Doc. #93).

## I.   RELEVANT FACTS

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a Nevada prisoner. This court dismissed plaintiff's original complaint for failure to state a cognizable claim. (Doc. #1). Plaintiff requested and received several extensions of time to file his fourth amended complaint. (*See* docs. #16, #18, #20, #22, #24). Plaintiff filed his fourth amended complaint on July 23, 2009. (Doc. #25).

This suit arises out of plaintiff's guilty plea to four counts of lewdness with a child under the age of fourteen years, a violation of Nevada Revised Statute (NRS) 201.230. The Second Judicial Court of the State of Nevada sentenced plaintiff to four concurrent terms of life imprisonment. On May 18, 2006, Lancaster filed the instant complaint seeking declaratory relief, injunctive relief, and monetary damages. (Doc. #25). On September 1, 2010, this court allowed counts I, II, and V to proceed. (Doc. #31).

Plaintiff alleges that, in conducting the initial interview regarding the crimes for which he was ultimately convicted, the City of Reno police department failed to provide him with reasonable accommodations for his hearing impairment and his alleged mental disabilities. (Doc. #25, p.22). Plaintiff alleges that he suffers from "chronic sight, hearing, and mental impairments due to organic brain damage and other complicating medical factors." (Doc. # 25, p.20). Plaintiff further alleges that the Reno police department has a policy and practice of denying individuals with disabilities reasonable accommodation when undergoing investigation, custodial interrogation, and arrest.

## II.   MOTION TO DISMISS

In the motions to dismiss, all answering defendants assert that plaintiff's claims are barred by the statute of limitations. The Unites State Supreme Court has held that the applicable statute of

1  limitations for § 1983 claims is the statute of limitations period for personal injury claims. *Wilson v.*
2  *Garcia*, 471 U.S. 261, 279-80 (1985); *Owens v. Okure*, 488 U.S. 235 (1989); *See also Karim-Panahi*
3  *v. Los Angles Police Department*, 8398 F. 2d 621 (9th Cir. 1988).

4  "A plaintiff has no cause of action under the ADA for an injury that occurred outside the
5  limitations period." *Pickern v. Holiday Quality Foods, Inc*., 293 F.3d 1133 (9th Cir. 2002). "Because
6  the ADA does not contain a statute of limitations, the court must apply the statute of limitations of the
7  most analogous state law." *Id*. In Nevada, the applicable statute of limitations is NRS 11.190(4)(e),
8  which allows for a two year limitation for personal injury lawsuits to be filed.

9  A cause of action accrues when the plaintiff has a complete and present cause of action. *Wallace*
10  *v. Katao*, 549 U.S. 384, 388 (2007). In *Wallace*, the court held that the statute of limitations upon a §
11  1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is
12  followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to
13  legal process. As previously mentioned, that period was two years here under NRS 11.190(4)(e).

14  Applying this rule to the instant case, the court finds that the statute of limitations began to run
15  when the relevant injury occurred. *Goldberg v. Charter Medical Corp*., 651 P.2d 94 (Nev. 1982).
16  However, plaintiff cites to *County of Lander v. County of Nye*, 59 Nev. 120, 88 P.2d 34 (1939) for the
17  proposition that his delay in filing the complaint should be excused and the limitation period tolled
18  because "there is a disability preventing the claimant from asserting his claim." (Doc. #91, p.4).

19  Review of this case law indicates that plaintiff has taken the word disability out of context. The
20  courts in *Lander* use the word "disability" as a synonym for mistake. *County of Lander* involved an
21  action by one county against another to recover taxes on property which each claimed lay within its
22  boundaries. This case was brought due to a mistake made by a property owner paying taxes to the wrong
23  county who sued the county after the mistake was discovered. The court used the word "disability" to
24  describe how the property owner was at a disadvantage because he paid taxes to the wrong county.
25  Plaintiff misapplies the *Lander* holding, and it is notably distinguishable from the plaintiff's case.

26  Plaintiff also argues that the two-year statute of limitations does not apply to him because he

suffers from several disabilities. This argument is without merit. NRS 11.250 states that the following prevent the running of the statute of limitations: (1) being under the age of 18, (2) being in custodial care of the State, if placed there while younger than the age of 18, or (3) being insane. None of these apply to plaintiff Lancaster. Furthermore, plaintiff's complaint alleges that he knew he was being denied accommodations and medical treatment, thereby contradicting his claim that he just discovered his injuries. Accordingly, the period should begin to run when the injury occurred and the court declines to apply the doctrine of equitable tolling. *Goldberg v. Charter Medical Corp.*, 651 P.2d 94 (Nev. 1982).

### A.     Count I - Discrimination Due to His Disability

Count I of plaintiff's fourth amended complaint alleges that the City of Reno, and its employees, discriminated against plaintiff on the basis of his disabilities during interrogation and arrest by failing to provide him with reasonable accommodations. (Doc. #25, p.18). Plaintiff alleges that he suffers from "chronic sight, hearing, and mental impairments due to organic brain damage and other complicating medical factors." *Id*. at 20. Plaintiff also alleges that, in conducting the initial interview regarding crimes for which he was ultimately convicted, the city of Reno police department failed to provide plaintiff with reasonable accommodations for his hearing and mental disabilities. *Id*. at 22. Plaintiff finally alleges that on September 19, 2002, he arrived at a Reno police station and was escorted to an interrogation room by police detective Tom Broom. During the interrogation, plaintiff informed detective Broom that he could not hear what the detective was saying. *Id*. at 29. Plaintiff contends that because of the lack of reasonable accommodation for his disabilities, he could not understand and fully participate in the interrogation conducted by detective Broom. *Id*. From these facts plaintiff alleges a violation of § 1983.

Plaintiff's claim is barred by the statute of limitations. According to Reno police department incident report number 02-37731, plaintiff's arrest occurred on September 20, 2002. Plaintiff's initial complaint in this matter was filed on May 18, 2006, over three years after his arrest. Plaintiff submitted his fourth amended complaint in this matter on July 23, 2009, almost seven years past the date of the incident. Thus, plaintiff's claim is untimely, and barred by the two year Nevada statute of limitations

under NRS 11.190(4)(e).[1]

      B.    <u>Count II - Deliberate Indifference to Medical Needs</u>

In count II of the fourth amended complaint, plaintiff alleges that the staff at the Washoe county detention facility failed to provide reasonable accommodations for his hearing impairment during his initial period of confinement following his arrest on September 20, 2002, until he was released on bail. *Id*. at 41-42. Plaintiff alleges that the Washoe County detention facility has a policy and practice of denying individuals with disabilities reasonable accommodations. *Id*. Plaintiff asserts that Michael Haley, Washoe County Sheriff, is responsible for the Washoe County detention facility's policy of failing to accommodate persons with disabilities.

In February 2003, plaintiff had carotid endarterectomy surgery to correct critical carotid stenosis while he was released on bail pending resolution of the criminal charges against him. *Id*. at 43. After surgery, plaintiff's doctor prescribed him Plavix to aid in blood circulation and Flomax to treat an enlarged prostrate gland. *Id*. While incarcerated at the Washoe County detention facility beginning July 2, 2003, plaintiff did not receive either Plavix or Flomax. *Id*.

Additionally, a week prior to sentencing, in June 2003, plaintiff had cataract surgery on his right eye and was scheduled for cataract surgery on his left eye ten days after the first surgery. *Id*. Plaintiff informed custody and medical staff at the Washoe County detention facility that he was scheduled for surgery on his left eye, but they made no arrangement for plaintiff to have the second surgery. According to plaintiff, he had already paid for the second surgery. *Id*. Plaintiff further asserts that on June 2, 2003, after sentencing on his felony lewdness charges, he was denied prescription eyedrop medication for a period of four days. *Id*. at 44. When plaintiff told jail staff about his need for the prescribed eye drops, staff denied the medical request, stating, "[t]hat's your problem, not ours." *Id*. Plaintiff alleges permanent loss of partial vision and states that under § 1983, being deprived of eye drops constituted

---

[1] Accordingly, the court also dismisses the claim as to defendant Broom. Although Broom has not joined in the motion, the statute of limitations also supports dismissing the claim as to this one remaining defendant. *See Lerald, Inc. v. City of Palm Dessert*, 998 F.2d 680, 687 (9th Cir. 1993) (holding that a court may *sua sponte* dismiss a complaint based on the statute of limitations where the defendant has not waived the defense.)

5

deliberate indifference to his serious medical needs. *Id*. at 44-45.

Plaintiff's claim for relief under count II falls under the two-year statute of limitations. Plaintiff's original complaint was filed on May 18, 2006. (Doc. #1). Therefore, to state a claim, the acts must have occurred after May 18, 2004 or they are barred by the statute of limitations. The fourth amended complaint alleges conduct that occurred prior to May 18, 2004, accordingly as the statute of limitations has run, count II is dismissed as to defendant Michael Haley, Washoe County Sheriff. (Doc. #25).

  C. <u>Claim V - Policy of Denying Medical Needs of Prisoners</u>

Count V of plaintiff's fourth amended complaint alleges that the Nevada department of corrections and its employees have a policy and practice of denying treatment and medication for the serious needs of prisoners. (Doc. #25, p. 101). Plaintiff alleges that he has experienced the following instances of denial of medical treatment: (1) denial of specialist-recommended surgery for congestive heart failure, *id*. at p.106; (2) denial of specialist-recommended nuclear stress test, a diagnostic test to determine treatment for coronary artery disease, *id*. at p.107; (3) denial of cataract surgery for his left eye, *id*. at p.110-12; and (4) intentional delay and denial of prescribed medication and treatment, and abrupt discontinuation of prescribed medication, such as Plavix and blood pressure medication, *id*. at p.114. Plaintiff alleges that the northern Nevada correctional center lacks competent medical staff and lacks an adequate procedure for responding to medical emergencies. *Id*. at p.102.

Plaintiff filed numerous level 1 and level 2 grievances seeking stress tests due to his heart condition. These complaints were timely addressed and plaintiff was not permitted to undergo stress tests as "[o]utside consultants can only recommend medical treatment. These recommendations are reviewed by the department's medical utilization review committee. A decision is reached about the recommendation. This is what occurred in your case. It was determined that the medical treatment recommended was not necessary." (Doc. #25, Exhibit L).

Furthermore, plaintiff's claim is again barred by the statute of limitation as they were not brought within the two-year period pursuant to NRS 11.190(4)(e).

1    Accordingly,

2    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant City of Reno's motion to dismiss (doc. #43) is GRANTED;

4    IT IS FURTHER ORDERED that defendant Washoe County Sheriff Michael Haley's motion to dismiss (doc. #52) is hereby GRANTED;

6    IT IS FURTHER ORDERED that defendants James Benedetti's, Don Helling's, and Howard Skolnick's motion to dismiss (doc. #41) is hereby GRANTED;

8    IT IS FURTHER ORDERED that the case is dismissed, as there are no remaining defendants.

9    Dated this 31st day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE